# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPANDORTHO, INC., a Delaware corporation; EXACTECH, INC., a Florida corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>ZIMMER BIOMET HOLDINGS, INC., a Delaware corporation; ZIMMER, INC., a Delaware corporation; ZIMMER U.S., INC., a Delaware corporation doing business as ZIMMER BIOMET SOUTHERN CALIFORNIA; ORTHOSOFT ULC, a Canadian corporation doing business as ZIMMER CAS,<br><br>    Defendants. | Case No.: 3:21-cv-00105-BEN-KSC<br><br>**ORDER:**<br><br>**(1) DENYING AS MOOT DEFEDANTS' MOTION TO DISMISS;**<br><br>**(2) DENYING AS MOOT DEFENDANTS' REQUEST FOR JUDICIAL NOTICE;**<br><br>**(3) DENYING AS MOOT DEFENDANTS' MOTION FOR LEAVE TO FILE VIDEO EXHIBIT;**<br><br>**(4) DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL; and**<br><br>**(5) GRANTING-IN-PART PLAINTIFFS' MOTION TO SEAL**<br><br>**[ECF Nos. 20, 21, 22, and 30]** |

## I. INTRODUCTION

Plaintiffs XpandOrtho, Inc., a Delaware corporation ("XPandOrtho"), and Exactech, Inc., a Florida corporation ("Exactech") (collectively, "Plaintiffs") bring this action against Defendants Zimmer Biomet Holdings, Inc., a Delaware corporation; Zimmer, Inc., a Delaware corporation; Zimmer US, Inc., a Delaware corporation doing business as Zimmer Biomet Southern California; and ORTHOsoft ULC, a Canadian corporation doing business as Zimmer CAS (collectively, "Defendants") for alleged misuse of confidential information, unfair competition, breach of contract, and copyright infringement. Complaint, ECF No. 1 ("Compl.") at 2.

Before the Court are the following motions: (1) Defendants' Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 20; (2) Defendants' Motion for Leave to File a Video Exhibit in Support of the Motion to Dismiss, pursuant to Section 2(k) of the Electronic Case Filing Administrative Policies & Procedures Manual, ECF No. 21; (3) Defendants' Motion for Leave to File Documents Under Seal, ECF No. 22; and (4) Plaintiff's Motion to File Documents Under Seal, ECF No. 30.

After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Defendants' Motions as either moot, or in the case of Defendants' Motion to File Documents Under Seal, unsubstantiated, while also **GRANTING-IN-PART** Plaintiffs' Motions to File Documents Under Seal.

## II. BACKGROUND

### A. Statement of Facts

Plaintiffs allege that in 2012, two orthopedic surgeons founded XpandOrtho to develop new technology to address the problem of inaccurate soft tissue balancing during total knee arthroplasty. Compl. at 2, ¶ 2. Plaintiffs also allege that in 2018, Defendants used the guise of a potential acquisition of XpandOrtho to convince XpandOrtho to provide extensive information about its technology and business, but only after ensuring a Non-Disclosure Agreement was in place between the parties. *Id.* at 2, ¶ 3. Afterwards,

Defendants stated they were not interested in acquiring XpandOrtho but began misusing XpandOrtho's proprietary information for their own benefit. *Id.* at 2, ¶ 4. Plaintiffs allege that in March 2019, Exactech acquired XpandOrtho, but neither Plaintiff knew Defendants had misappropriated XpandOrtho's information, and as such, have been harmed by Defendants' conduct. *Id.* at 3, ¶ 5.

### B.     Procedural History

On January 20, 2021, Plaintiffs filed the complaint against Defendants, alleging fifteen (15) claims for relief for (1) misappropriation of trade secrets under the Federal Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (2) aiding and abetting misappropriation of trade secrets in violation of the DTSA; (3) misappropriation under the California Uniform Trade Secrets Act, Cal. Civ. Code, § 3426, *et seq.* (the "CUTSA"); (4) aiding and abetting misappropriation of trade secrets in violation of the CUTSA; (5) breach of contract; (6) tortious interference with contractual relations; (7) breach of the implied covenant of good faith and fair dealing; (8) fraud; (9) conversion; (10) unjust enrichment; (11) intentional interference with prospective economic advantage; (12) negligent interference with prospective economic advance; (13) breach of confidence; (14) copyright infringement; and (15) violation of California's Unfair Business Practices Law, Cal. Bus. & Prof. § 17200, *et seq. See* Compl.

On March 29, 2021, Plaintiff served Defendant Zimmer Biomet Holdings, Inc., ECF No. 7, and Defendant Zimmer, Inc., ECF No. 8, making their responsive pleading due on Monday, April 19, 2021. *See* FED. R. CIV. P. 12(a)(1)(A)(i).

On either March 31, 2021 or April 12, 2021,[1] Plaintiff served Defendant Zimmer US, Inc., a Delaware corporation doing business as Zimmer Biomet Southern California, ECF Nos. 9, 15, making the responsive pleading due between Wednesday, April 21, 2021, and Monday, May 2, 2021.

---

[1]     Plaintiff filed two separate proofs of service for Defendant Zimmer US, Inc., making it unclear on which day service of process was actually effected.

On April 1, 2021, Plaintiff served Defendant ORTHOsoft ULC, a Canadian corporation doing business as Zimmer CAS, ECF No. 10, making the responsive pleading due by Thursday, April 22, 2021.

On April 12, 2021, Plaintiffs and Defendants filed a Joint Motion, seeking to make the responsive pleading for all Defendants due on the same day: May 28, 2021. ECF No. 12. The Court granted this request, and extended all Defendants' deadline to respond until Friday, May 28, 2021. ECF No. 16. On the extended responsive pleading deadline, or May 28, 2021, Defendants collectively filed a Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is set for hearing on July 6, 2021 at 10:30 a.m. ECF No. 20. That same day, Defendants also filed a (1) Motion for Leave to File a Video Exhibit in Support of the Motion to Dismiss, pursuant to Section 2(k) of the Electronic Case Filing Administrative Policies & Procedures Manual, ECF No. 21, and (2) Motion for Leave to File Documents Under Seal, ECF No. 22, lodging the proposed sealed documents as ECF No. 23.

On June 11, 2021, both parties filed a Joint Motion for an Interim Protective Order, ECF No. 24, which Magistrate Judge Karen S. Crawford granted on June 15, 2021, ECF No. 25.

Finally, on June 15, 2021, Plaintiffs filed a Motion to File their First Amended Complaint Under Seal, ECF No. 30, lodging the proposed sealed documents as ECF No. 31. On June 21, 2021, Plaintiffs filed the First Amended Complaint (the "FAC"). ECF No. 34.

### III. LEGAL STANDARD

#### A. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss). The pleadings must raise the right to

relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek*, 519 F.3d at 1031. However, a court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

### B. Motion for Leave to File a Video Exhibit

Section 2(k) of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California provides that "[a] party may seek leave of the court to allow the non-electronic filing of exhibits when they are not convertible to electronic form (e.g. videotapes, maps, etc.)." If the Court grants leave, "the filing party must prepare a cover page in pleading format to be submitted with the exhibits." *Id.*

### C. Motion for Leave to File Documents Under Seal

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then must "articulate [] compelling reasons supported by specific factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995). The Court "conscientiously balance[s] . . . the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Foltz,* 331 F.3d at 1135. After considering these interests, if the Court decides to seal certain judicial records, it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434; *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (applying compelling reasons standard to dispositive motions).

-5-

3:21-cv-00105-BEN-KSC

A party must satisfy the compelling reasons standard even if the motion, or its attachments, were previously filed under seal or protective order. *Foltz*, 331 F.3d at 1136 ("[T]he presumption of access is not rebutted where . . . documents subject to a protective order are filed under seal as attachments to a dispositive motion."). A party's failure to meet the burden of articulating specific facts showing a "compelling reason" means that the "default posture of public access prevails." *Kamakana*, 447 F.3d at 1182. In ruling on motions to seal, the Ninth Circuit has recognized that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. Similarly, other "sources of business information that might harm a litigant's competitive standing" may also constitute a compelling reason to seal, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978), such as a company's confidential profit, cost, and pricing information, which if publicly disclosed could put the company at a competitive disadvantage, *see Apple, Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations, which they could use to extract price increases for components.").

## IV. DISCUSSION

Defendants have filed a Motion to Dismiss, ECF No. 20, along with a Request for Judicial Notice, ECF No. 20-1, Motion for Leave to File a Video Exhibit, ECF No. 21, and Motion to File Documents Under Seal, ECF No. 22, in support of that motion. In response, Plaintiffs filed a First Amended Complaint, ECF No. 34, and Motion to File Documents Under Sea, ECF No. 30. The Court addresses each motion in turn.

### A. Motion to Dismiss

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (reversing the district court's granting

of the defendants' motion to dismiss the superseded first amended complaint and the resulting dismissal of the case because the timely filed second amended complaint mooted the motion to dismiss targeted at Plaintiff's first amended complaint, which was no longer in effect). "[A]n issue is moot when deciding it would have no effect within the confines of the case itself." *Tur v. YouTube, Inc.*, 562 F.3d 1212, 1214 (9th Cir. 2009). Here, Defendants' Motion to Dismiss sought to dismiss Plaintiffs' original complaint, which is no longer operative due to Plaintiffs' filing of the FACT. Thus, granting Defendants' Motion to Dismiss would have no effect within the confines of this case. Defendants' Motion to Dismiss is **DENIED AS MOOT**.

### B. Request for Judicial Notice and Motion for Leave to File a Video Exhibit in Support of the Motion to Dismiss

Section 2(k) of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California allows parties to ask the Court to permit them to file exhibits that may not be converted to electronic form, like videotapes. Defendants seek to file with the Court Exhibit "G" to the Declaration of Jeffrey A. Pade in Support of Their Motion to Dismiss, which is a true and correct copy of the animation titled "Video XOAir," downloaded publicly from https://vimeo.com/95477613. *See* ECF No. 20-6 at 3, ¶ 8. Defendants argue that the website provided "indicates that the 'Video XOAir' animation was posted '7 years ago.'" *Id.* Because the Court **DENIES** Defendants' Motion to Dismiss as moot in light of the filing of the FAC, the Court likewise **DENIES** Defendants' Request for Judicial Notice and Motion for Leave to the Video Exhibit.

### C. Motion for Leave to File Documents Under Seal

On June 15, 2021, the Court entered an Interim Protective Order in this case. ECF No. 25. The Protective Order sought by the Parties stated that the materials sought to be protected were "trade secret or other confidential research, technical, cost, price, marketing or other commercial information." *Id.* at 2. It specified that "any party may designate information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, [1] the unrestricted disclosure of such information could be potentially

prejudicial to the business or operations of such party" or "[2] the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information." *Id.* at 3, ¶ 4(a)-(b).

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnotes omitted). The main reason for this general right is to accommodate "the citizen's desire to keep a watchful eye on the workings of . . . government." *Id.* at 598. However, "the right to inspect and copy judicial records is not absolute." *Id.* at 589. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes," such as "to gratify private spite or promote public scandal," or to serve as a source of "business information that might harm a litigant's competitive standing." *Id.* (internal citations omitted); *see also Kamakana*, 447 F.3d at 1178.

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . become a vehicle for improper purposes, such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179. A "trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* Thus, the Court can seal proprietary information to protect a business from potential harm. *See Obesity Research Institute, LLC v. Fiber Research International, LLC*, No. 15-CV-00595-BAS-MDD, 2017 WL 6270268, at *2 (S.D. Cal. Dec. 8, 2017) (granting motion to file documents containing proprietary business information under seal). Further, "[e]ven where records do not include trade secrets, they may still be sealed where they could be a "source[] of business information that might harm a litigant's competitive standing." *See, e.g.*, *Monster Energy Co. v. Vital Pharm., Inc.*, No. EDCV181882-JGB-SHKX, 2019 WL 3099711, at *2-3 (C.D. Cal. Jun. 17, 2019) (granting the plaintiff's

motion for leave to file portions of an exhibit under seal where the information sought to be sealed fell into two categories: "(1) non-public financial information of Monster and third-parties and (2) non-public strategic and business-making information of Monster and third-parties.") (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)).

Here, the portions of the briefs, declarations, and exhibits sought to be sealed contain, reference, or discuss confidential, nonpublic information regarding agreements between the parties as well as other parties. The Court notes that authority exists for sealing a majority of the records at issue, and each party's respective motion(s) to seal are unopposed. However, "[a]ny order sealing documents should be 'narrowly tailored' to remove from public view only the material that is protected." *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 513 (1984)). Here, the Court finds that while each exhibit the parties seek to seal contains some information appropriate for sealing, most of the exhibits or paragraphs do not qualify as narrowly tailored. Thus, the Court has considered each of the documents the parties designated for sealing, and as articulated in the table below, determines which documents may remain under seal or redacted and which documents must be unsealed.

### 1. *Defendants' Motion to Seal*

Defendants' First Motion to Seal (ECF No. 22), which seeks to seal the documents filed under seal in ECF No. 23, is **DENIED**. Defendants sought to seal documents attached to the Declaration of Jeffrey A. Pade in Support of Their Motion to Dismiss Pursuant to Rule 12(b)(6). Although Plaintiffs' filing of the FAC likely moots the need for the sealing motion given the sealing motion seeks to seal documents in support of the Motion to Dismiss, the Court addresses the sealing motion given Defendants may attempt to seal the same documents later on in the case and have not met the burden for withholding documents from the public record:

///

///

| | Request to Seal Portions of: | Basis: | Result: |
|---|---|---|---|
| Ex. | Description | | |
| H | The Mutual Nondisclosure Agreement executed between XpandOrtho, Inc. and Zimmer, Inc., effective March 4, 2015 | Defendants argues that Exhibits H and I to the Declaration of Jeffrey A. Pade consist of non-disclosure agreements between XpandOrtho and Defendant Zimmer, Inc. and contain Defendants' confidential business information. ECF No. 22 at 2:21-26. This information includes strategic information related to the manner in which Defendants conduct due diligence, the particular and non-public business arrangement between the parties, and descriptions of Defendants' confidential policies and procedures related to non-public proprietary information and maintaining confidentiality of such information. *Id.* at 2:26-3:4. | **DENIED**. Defendants have sealed the entire agreement. This is neither proper nor narrowly tailored.<br><br>For instance, the Motion to Seal itself, which is public record, discloses the effective date of the agreement along with the parties to the agreement. Thus, this information is already public and is needlessly redacted in the first paragraph of the Mutual Nondisclosure Agreement in Exhibit "H." *See* ECF No. 23 at 2. As another example, the second to last page of Exhibit "H" contains nothing more than standard place contract terms contained in nearly every contract, such as a choice of law clause, modification clause, and non-waiver clause. *See id.* at 5. Such information is not confidential information appropriate for sealing. Finally, the last page of Exhibit "H" merely contains the signature page and signing parties |

| | | | |
|---|---|---|---|
| | | | to the agreement. *Id.* at 6. This contains no confidential business information. |
| I | Amendment No. 1 to Mutual Nondisclosure Agreement executed between Zimmer, Inc. and XpandOrtho, Inc., effective May 8, 2018 | | **DENIED**. Upon review, there is nothing discussing any confidential information or trade secrets in Amendment No. 1 that warrants sealing. |

## 2. *Plaintiffs' Motion to Seal*

Plaintiffs' Motion to Seal (ECF No. 30), which seeks to file the unredacted version of the Proposed FAC under seal, which was lodged in ECF No. 31, is **GRANTED-IN-PART** as follows:

| Request to Seal Portions of: | | Basis: | Result: |
|---|---|---|---|
| ¶ | Description | | |
| 6 | Plaintiffs have redacted the name of another company Defendants were considering acquiring. | Plaintiffs argue these paragraphs of the FAC "include[] non-public information related to business activities such as potential acquisitions and associated due diligence, and business negotiations between Defendants and Plaintiff." ECF No. 30 at 5:28-6:4. | **GRANTED**. Plaintiff has sealed two words in the paragraph pertaining to another company. |
| 129 | Plaintiffs have redacted the entirety of this paragraph. | | **GRANTED-IN-PART**. The Court finds it unnecessary to seal this entire paragraph. However, the specific term at issue is appropriate for sealing. Thus, only the three words in Line 12 of Paragraph 129 following "inclusion of a" and preceding "if Zimmer" shall be sealed. |

-11-

| | | | |
|---|---|---|---|
| 130 | Plaintiffs have redacted the entirety of this paragraph. | | **GRANTED-IN-PART**. The Court finds it unnecessary to seal this entire paragraph. Only the last word in Paragraph 130 is appropriate for sealing. |
| 131 | Plaintiffs have redacted the entirety of this paragraph. | | **GRANTED-IN-PART**. The Court finds it unnecessary to seal this entire paragraph. Only the fourth word in the first sentence of this paragraph, sixth word of the second sentence of this paragraph, and all words following "intent due to a" in the Line 18 of this paragraph are appropriate for sealing. |
| 132 | Plaintiffs have redacted the entirety of this paragraph. | | **GRANTED-IN-PART**. The Court finds it unnecessary to seal this entire paragraph. Only the first word in Line 23 is appropriate for sealing in this paragraph. |
| 133 | Plaintiffs have redacted the entirety of this paragraph. | | **DENIED**. The Court finds nothing in this paragraph warrants sealing. |
| 135 | Plaintiffs have redacted the second, third, fourth, and fifth sentences of this paragraph. | | **GRANTED-IN-PART**. The Court finds only the portion of the second sentence after "The new LOI" is appropriate for sealing. The third sentence in the paragraph is appropriate for sealing, but the fourth sentence is not |

| | | | |
|---|---|---|---|
| | | | appropriate for sealing. As for the fifth sentence, everything after "For example, the LOI stated" may be sealed. |
| 137 | Plaintiffs seek to seal the entire second sentence of this paragraph. | | **GRANTED-IN-PART**. The Court finds it appropriate to seal the fourth, fifth, sixth, ninth (a number), and nineteenth (a company name) words of this paragraph. Nothing else shall be sealed. |
| 150 153 154 155 161 168 | Plaintiffs seek to seal various words, terms, and/or phrases throughout these paragraphs. | | **GRANTED**. The words, phrases, and/or terms Plaintiffs seek to seal refer to the nature of their products, which if disclosed, could harm Plaintiffs' business. |
| 170 | Plaintiffs seek to seal the entirety of this paragraph which describes the design of Plaintiffs' product as well as various features. | Plaintiffs argue that these paragraphs of the FAC contain "specific details for proprietary device specifications, development, and testing that would give competitors insight into Plaintiffs' products and cause harm to Plaintiffs." ECF No. 30 at 5:11-22. | **GRANTED**. The features and characteristics of Plaintiffs' products are appropriate for sealing. |
| 171 | Plaintiffs seek to seal the last three words of Paragraph 171, which discusses a feature of the products. | | |
| 183 | Plaintiffs seek to seal half of the first sentence and the entirety of the second sentence, which describe the | | |

-13-

3:21-cv-00105-BEN-KSC

| | | | |
|---|---|---|---|
| 208 | design and features of the products at issue. | | |
| 208 | Plaintiffs seek to seal a portion of only the second sentence of this paragraph describing the design and features of the products at issue. | | |
| 210 | Plaintiffs seek to seal a portion of the second sentence of this paragraph describing the design and features of the products at issue. | | |
| 268 270 | Plaintiffs seek to seal various portions of these paragraphs describing various features and design functions of the products at issue. | | |
| 298 307 | Plaintiffs seek to seal five words of Paragraph 298 and two words in Paragraph 307 discussing the names of other companies. | Plaintiffs argue these paragraphs of the FAC "include[] non-public information related to business activities such as potential acquisitions and associated due diligence, and business negotiations between Defendants and Plaintiff." ECF No. 30 at 5:28-6:4. | **GRANTED**. The party's name with whom the parties were negotiating is appropriate for sealing. |
| 308 | | | **GRANTED-IN-PART**. Plaintiffs have redacted the entirety of this paragraph, but the Court |

| | | | |
|---|---|---|---|
| | | | finds it appropriate to only seal the third word and last word in the first sentence of the paragraph; the second to last word in the second sentence of the paragraph; and the second, twelfth, fifteenth, and twentieth word of the third sentence of the paragraph. |
| 309 | Plaintiffs seek to seal two words of this paragraph, which disclose a company's name. | | **GRANTED**. The party's name with whom the parties were negotiating is appropriate for sealing. |

## V. <u>CONCLUSION</u>

The Court rules on the above motions as follows:

1. Defendants' Motion to Dismiss (ECF No. 20), Request for Judicial Notice (ECF No. 20-1), and Motion for Leave to File a Video Exhibit (ECF No. 21) are **DENIED AS MOOT** due to Plaintiffs' filing of the FAC.

2. Defendants' Motion to Seal (ECF No. 22) is **DENIED**. Parties frequently file motions to seal as an afterthought "as they wrap up a big filing." *Kivett v. Neolpharma, Inc.*, No. 2:20-00664-JDW, 2021 WL 1209844, at *2 (E.D. Pa. Mar. 31, 2021). However, "[a]ny party seeking to file material under seal must pay careful attention and make a specific, detailed showing about the harm that would result from disclosure." *Id.* More importantly, even where a document contains some information appropriate for sealing, a party may not seal the entire document and must narrowly tailor that party's request by only redacting the information appropriate for sealing. In this case, the requests at issue were not narrowly tailored. Thus, because Defendants' request here is not narrowly tailored, and the documents are no longer needed to support Defendants' Motion to

1 | Dismiss, the Clerk shall file the unredacted version of the documents lodged at ECF No.
2 | 23 in the public record. Defendant has five days to withdraw the unredacted version of this
3 | exhibit or it shall be filed in the public record in accordance with this Order.

3. Plaintiff's Motion to Seal (ECF No. 30) is **GRANTED-IN-PART** as follows:

  a. A redacted version of the FAC Plaintiff seeks to seal has been filed on the public docket. However, these redactions are overly broad. As such, Plaintiff is directed to lodge under seal a new version of the FAC with redactions as outlined in the Court's order within five (5) calendar days of this Order.

4. Given the nature of this case, the Court anticipates additional motions to seal may be filed. These motions must be narrowly tailored. Additionally, for the duration of this case, once the Court seals a document, both parties are prohibited from filing motions seeking to seal those same documents that the Court has already ordered sealed. Instead, if and when the Court seals a document, all future briefing, citation to, or reliance on documents the Court has previously ordered sealed shall refer back to the ECF-number and page number of the previously sealed exhibit or document rather than filing a new and duplicative motion to seal.

**IT IS SO ORDERED.**

DATED: June 28, 2021

**HON. ROGER T. BENITEZ**
United States District Judge